**This order is SIGNED.**

**Dated: November 18, 2016**





**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

*uae*

---

*Form of Order Submitted by*:

David Leta (1937)
Troy Aramburu (10444)
Jeff Tuttle (14500)
**SNELL & WILMER L.L.P.**
15 W South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: 801-257-1900
Facsimile: 801-257-1800
Email: dleta@swlaw.com
        taramburu@swlaw.com
        jtuttle@swlaw.com

Donald J. Detweiler, Esq. (admitted *pro hac vice*)
Francis J. Lawall, Esq. (admitted *pro hac vice*)
John H. Schanne, II (admitted *pro hac vice*)
**PEPPER HAMILTON LLP**
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 656-8865
E-mail: detweild@pepperlaw.com
        lawallf@pepperlaw.com
        schannej@pepperlaw.com

*Counsel for CS Mining, LLC*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **CS MINING, LLC** | Bankruptcy Case No. 16-24818 |
| Debtor. | (Chapter 11) |
| | Judge William T. Thurman |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE OF
SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS, (B) APPROVING EXPENSE
REIMBURSEMENT, (C) SCHEDULING AN AUCTION AND HEARING TO
CONSIDER THE PROPOSED SALE, AND (D) APPROVING THE FORM
AND MANNER OF NOTICE THEREOF**

This matter comes before the Court upon consideration of Debtor's Motion for Entry of

(I) an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of

the Estate's Assets, (B) Approving Expense Reimbursement, (C) Scheduling an Auction and

Hearing to Consider the Proposed Sale and (D) Approving the Form and Manner of Notice

Thereof; (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment

of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief (the "Bid

Procedures Motion")[1] seeking, among other things, entry of an order: (i) approving the Bidding

Procedures in connection with the Sale, (ii) approving the Expense Reimbursement, (iii)

scheduling an Auction and hearing to approve the Sale, (iv) approving the form and manner of

notice thereof, and (v) granting related relief.  After due deliberation and having determined that

the relief requested in the Bid Procedures Motion regarding the Sale Process is in the best

interest of the Estate, and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**[2]

A.      The Court has jurisdiction over the Bid Procedures Motion pursuant to 28 U.S.C.

§ 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the

relief requested herein are sections 105, 363, 365, 503, and 507 of title 11 of the United States

Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9006, and

9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      Notice of the Bid Procedures Motion, having been given to the Notice Parties, is

sufficient in light of the circumstances and the nature of the relief requested in the Bid

Procedures Motion.

---

[1] All capitalized terms used, but not otherwise defined, in this Order shall have the meanings given in the Bid Procedures Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Bid Procedures Motion regarding the Sale Process, including without limitation, (i) approval of the Bidding Procedures and the Expense Reimbursement; and (ii) approval of, and authorization to serve, the Notice of Auction and Sale Hearing and the Cure Notice.

D.      The Expense Reimbursement, if applicable, to be paid under the circumstances described in the Bid Procedures Motion to a Stalking Horse Bidder is (i) an actual and necessary cost and expense of preserving the Estate, within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Estate by a Stalking Horse Bidder, (iii) reasonable and appropriate, in light of the size and nature of the proposed Sale and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by a Stalking Horse Bidder, and (iv) necessary to induce a Stalking Horse Bidder to continue to pursue the Sale and to continue to be bound by the Stalking Horse Bidder's Purchase Agreement.

E.      The Expense Reimbursement, if applicable, is a material incentive to a potential Stalking Horse Bidder to submit a bid that will serve as a minimum or floor bid.  A Stalking Horse Bidder will provide a material benefit to the Estate by increasing the likelihood that the best possible price under the circumstances for the Purchased Assets will be received. Accordingly, the Bidding Procedures and the Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Estate.

F.      The Notice of Auction and Sale Hearing and the service thereof, and the service of the Cure Notice on the Counterparties, are calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing, the Auction, and the Cure Amounts.

25245567.1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Bidding Procedures, substantially in the form attached hereto as **Exhibit A**,
are hereby approved and fully incorporated into this Order.  Debtor is authorized to undertake
any and all actions necessary or appropriate to implement the Bidding Procedures.

2.       Objections, if any, to the relief requested in the Bid Procedures Motion that have
not been withdrawn, waived, or settled are hereby overruled.

3.       All objections to the Sale, and the Debtor's proposed Sale of property of the estate
free and clear of any and all liens, claims and interests, including the objections to the Sale filed
by the Brahma Group, Inc. [Docket No. 400],Caterpillar Financial Services Corporation [Docket
No. 411], Komatsu Financial Limited Partnership [Docket No. 412], and Scmueser &
Associates, Inc. [Docket No 414] are preserved for the Sale Hearing.

4.       Debtor is authorized to designate a Stalking Horse Bidder and offer the Expense
Reimbursement in accordance with the terms of the Bid Procedures Motion.  No person or entity,
other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up
fees, "topping," termination or other similar fee or payment.

5.       The Notice of Auction and Sale Hearing, substantially in the form attached hereto
as **Exhibit B**: (i) is hereby approved; and (ii) shall be served, together with a copy of this Order,
within three (3) business days of entry of this Order upon each of the Notice Parties.

6.       Subject to the Bidding Procedures, if Debtor does not receive any Qualified Bids,
Debtor shall report the same to the Court and declare the Auction a "failed auction."  In the event
that there is no Stalking Horse Bidder and Debtor receives only one Qualified Bid, Debtor will
not hold the Auction and may instead seek approval of such Qualified Bid and the associated
Purchase Agreement at the Sale Hearing.  However, in the event only one Qualified Bid is

received, Debtor may determine in its reasonable business judgment that such Qualified Bid is

insufficient, and shall have the right to either postpone the Auction and Bid Deadline or declare

the Auction a "failed auction."  As further described in the Bidding Procedures, in the event that

Debtor timely receives at least one Qualified Bid other than the Stalking Horse Bidder's

Qualified Bid, Debtor shall conduct the Auction on **February 2, 2017 at 9:00 a.m. (MST)** (the

"Auction Date") at the offices of Snell and Wilmer LLP, 15 W South Temple, Suite 1200, Salt

Lake City, Utah 84101, or such later time or other place as Debtor shall notify all Qualified

Bidders.

7.      Any person wishing to submit a higher or better offer for the Purchased Assets

must do so in accordance with the terms of the Bidding Procedures.

8.      All bidders submitting a Qualified Bid are deemed to have submitted to exclusive

jurisdiction of the Court and waive any right to a jury trial with respect to all matters related to

the Auction and the terms and conditions of the transfer of the Purchased Assets.

9.      Debtor is hereby authorized to conduct the Sale without complying with any state

or local bulk transfer law or requirements.

10.     Within five (5) business days after entry of this Order, Debtor shall file and serve

the Cure Notice upon the Counterparties, which notice shall set out the applicable Cure

Amounts, if any.  The Cure Notice shall be in substantially the form attached hereto as **Exhibit

C**, which form is hereby approved.

11.     Objections, if any, to Debtor's proposed Cure Amounts, and to the assumption

and assignment of any executory contract and/or unexpired lease, must: (i) be in writing;

(ii) state with specificity the grounds for such objection (with appropriate documentation in

support thereof); (iii) comply with the Bankruptcy Rules; and (iv) be filed with this Court and

25245567.1

served upon the Objection Service Parties so as to be actually received by February 8, 2017 at

5:00 p.m. (MST) (the "Objection Deadline").

12.     Any party failing to timely file an objection, on or before the Objection Deadline,

to the Cure Amounts and/or assumption and/or assignment of any executory contract or

unexpired lease shall be forever barred from objecting to the Cure Amounts and/or to such

assumption and/or assignment, and will be deemed to consent to the Cure Amounts and/or

assumption and assignment of such executory contract or unexpired lease.  Objections, if any, to

the Cure Amounts and assumption and/or assignment of executory contracts or unexpired leases

shall be heard at the Sale Hearing, except that any the hearing on any such objection can be

adjourned by the agreement of the objecting Counterparty, Debtor, and Successful Bidder.

13.     The Sale Hearing is scheduled to be held on February 15, 2017 at 3:00 p.m.

(MST) before the Honorable William T. Thurman, U.S. Bankruptcy Judge, at the United States

Bankruptcy Court located at 350 South Main Street, Room 376, Salt Lake City, Utah 84101.

Debtor will seek the entry of the Sale Order at the Sale Hearing approving and authorizing the

Sale to Successful Bidder or Alternate Bidder, on terms and conditions consistent with the

Purchase Agreement of Successful Bidder or Alternate Bidder, as the case may be, as may be

amended and/or modified by agreement between Debtor and Successful Bidder or Alternate

Bidder.  The Sale Order shall be in form and substance acceptable to Debtor and Successful

Bidder.

14.     Objections, if any, to the relief requested in the Bid Procedures Motion as it

relates to the Sale must: (i) be in writing and filed with this Court; (ii) comply with the Federal

Rules of Bankruptcy Procedure; and (iii) be filed and served upon the Objection Service Parties

so as to be actually received by the Objection Deadline.

25245567.1

15.     The failure of any person or entity to timely file an objection, on or before the

Objection Deadline, to the Bid Procedures Motion shall be a bar to the assertion, at the Sale

Hearing or thereafter, of any objection to the Sale of the Purchased Assets to Successful Bidder

or Alternate Bidder.

16.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or

6006(d), this Order shall be immediately effective and enforceable upon its entry.

17.     All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

18.     To the extent that any provisions of this Order may be inconsistent with the Bid

Procedures Motion, the terms of this Order shall control.

---

**END OF ORDER**

25245567.1

## Exhibit A

## Bidding Procedures

25245567.1

## Bidding Procedures

CS Mining, LLC, as debtor and debtor-in-possession ("Debtor"), in a bankruptcy proceeding presently pending in the United States Bankruptcy Court for the District of Utah (the "Court"), captioned *In re CS Mining, LLC*, Case No. 16-24818 (WTT), contemplates the sale (the "Sale") of all, or substantially all, assets (the "Purchased Assets") of Debtor's estate (the "Estate") to one or more purchasers pursuant to section 363 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "Bankruptcy Code").

In connection with the Sale, these bidding procedures (the "Bidding Procedures") were approved by order of the Court dated _____, 2016 (the "Bidding Procedures Order"). The proposed Sale is subject to approval by the Court.

## The Bidding Process

These Bidding Procedures describe, among other things, the manner in which prospective bidders may gain access to due diligence materials concerning the Purchased Assets, the manner in which bidders and bids become Qualified Bidders (as defined below) and Qualified Bids (as defined below), respectively, the receipt and negotiation of bids received, the conduct of any Auction (as defined below), the ultimate selection of the Successful Bidder and Successful Bid (each as defined below), and the Court's approval thereof (collectively, the "Bidding Process").

In the exercise of its reasonable business judgment, Debtor may amend these Bidding Procedures in writing or orally at the Auction, so as to better promote the goals of the Bidding Process, so long as such changes are not inconsistent with any Court order, including the Bidding Procedures Order.

## "As Is, Where Is"

The sale of the Purchased Assets will be on an "as is, where is" basis and without surviving representations or warranties of any kind by Debtor or its agents.

## Free and Clear of Any and All Claims and Interests

All of the right, title, and interest of Debtor's Estate in and to the Purchased Assets, or any portion thereof, to be acquired, will be sold free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, or interests of any kind or nature whatsoever (collectively, "Claims and Interests"), with such Claims and Interests to attach to the net proceeds of the sale of such Purchased Assets, except, with respect to a Successful Bidder, to the extent otherwise set forth in the relevant purchase agreement of such Successful Bidder.

## Participation Requirements

Unless otherwise ordered by the Court, in order to participate in the Bidding Process each person (such person or entity, a "Potential Bidder"), must

(i)      deliver to Debtor an executed Confidentiality Agreement (to be delivered prior to the distribution of any confidential information by Debtor to such person); and

(ii)     be deemed by Debtor to be reasonably likely to be able to fund and complete the consummation of the proposed transaction on terms no less favorable in the aggregate than the terms contained in the Purchase Agreement (or, if there is a Stalking Horse Bidder's Purchase Agreement, on terms no less favorable in the aggregate than the terms contained in the Stalking Horse Bidder's Purchase Agreement) and within the time frame acceptable to Debtor.

As promptly as reasonably possible, Debtor will determine and will notify the interested person or entity if such person or entity is acceptable and deem such person or entity a "Potential Bidder."

## Due Diligence

Debtor may in its reasonable business judgment, and subject to competitive and other business concerns, afford each Potential Bidder (until the date of the Auction) with such access to due diligence materials concerning the Purchased Assets as Debtor deems appropriate.  Due diligence access may include access to electronic data rooms, on-site inspections, and other matters that a Potential Bidder may reasonably request and as to which Debtor, in its reasonable business judgment, may agree.

Each Qualified Bidder shall be deemed to acknowledge, and shall represent in any Purchase Agreement, that it has had an opportunity to inspect and examine the Purchased Assets and to conduct any and all due diligence prior to making its offer, that it has relied solely upon its own independent reviews, investigations, and/or inspections in submitting its Bid, and, that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets or the completeness of any information provided in connection with the Bidding Process.

## Possible Selection of Stalking Horse Bidder

Debtor is seeking to identify an appropriate party to serve as the stalking horse bidder (the "Stalking Horse Bidder") for the Purchased Assets.  Debtor has established an electronic data room, which will include, among other information, a form of Purchase Agreement prepared by Debtor, in consultation with its advisors.  In order to be considered for selection as the Stalking Horse Bidder, Potential Bidders will be required to submit Qualified Bids on a confidential basis to the Debtor's Chief Restructuring Officers.  Such confidential Qualified Bid should use a form of agreement substantially similar to the form Purchase Agreement posted to the data room, together with a marked copy of such agreement to identify any changes to the standard form Purchase Agreement.  The confidential Qualified Bid shall be submitted to the Debtor's Chief Resucturing Officers no later than **December 31, 2016.**  The Debtor's Chief Restructuring Officers, after consultation with the Official Committee of Unsecured Creditors, will select the Stalking Horse Bidder (if any) no later than **January 16, 2017** (the "Stalking Horse Selection Date").

The Debtor may extend or reduce the Stalking Horse Selection Date once or successively but is not obligated to do so.  Debtor shall promptly notify all Potential Bidders if it amends the Stalking Horse Selection Date.  On the Stalking Horse Selection Date, Debtor will file with the

-2-

Court a notice of selection of the Stalking Horse Bidder and a copy of the Stalking Horse Bidder's Purchase Agreement.

## Bid Deadline

A Potential Bidder that desires to make a Bid must deliver written copies of its Bid, via hand delivery or overnight mail, to (i) Debtor, CS Mining, LLC, PO Box 608, 1208 South 200 West, Milford, UT 84751 (Attn: David McMullin); (ii) co-counsel to Debtor, Pepper Hamilton, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19801 (Attn: Donald J. Detweiler, Esq.); (iii) co-counsel to Debtor, Snell & Wilmer L.L.P., 15 West South Temple, Suite 1200, Gateway Tower West, Salt Lake City, Utah 84101-1547 (Attn: David E. Leta, Esq.), (iv) CRO of Debtor, c/o FTI Consulting, Inc., 1001 17th St #1100, Denver, CO 80202 (Attn: David Beckman) and (v) Committee, c/o its counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067 (Attn: Martin J. Brill, Esq.), so that the Bid is actually received by 4:00 p.m. (MST) **on January 30, 2017** (the "Bid Deadline").

Absent further order of the Court, the Debtor may extend the Bid Deadline for a period of not more than thirty (30) days in the aggregate, provided such extension is in accordance with the Final DIP Financing Order. If Debtor extends the Bid Deadline, it shall promptly notify all Potential Bidders of such extension.

## Qualified Bid Requirements

A proposal (a "**Bid**") received from a Potential Bidder is a **"Qualified Bid"** if it:

(i)      is received by the Bid Deadline;

(ii)     provides for the purchase of all or some portion of the Purchased Assets by the Potential Bidder on an "as is, where is" basis;

(iii)    includes a copy of a definitive purchase agreement in form and substance substantially similar to the Purchase Agreement (or, if there is a Stalking Horse Bidder's Purchase Agreement, on terms no less favorable in the aggregate than the terms contained in the Stalking Horse Bidder's Purchase Agreement), signed by an authorized representative of such Potential Bidder, in addition to a marked copy of such agreement to reflect the Potential Bidder's modifications to the Purchase Agreement or the Stalking Horse Bidder's Purchase Agreement, as the case may be;

(iv)     is not subject to any due diligence or financing contingency, or board or other approval (excluding any necessary regulatory approval that would follow the execution of definitive documentation for such a transaction);

(v)      is accompanied by a cash deposit of not less than 5% of the proposed purchase price (the "Required Deposit");

(vi)     includes written evidence of an unconditional commitment for financing (by a creditworthy bank or financial institution that shall provide such financing

#41059422 v6
25245609.1

without alteration of conditions or delays) or other evidence of ability, as determined in the reasonable business judgment of Debtor, to consummate the transaction;

(vii)    includes a designation of contracts and/or leases to be assumed and assigned to the Potential Bidder and evidence of the Potential Bidder's ability to perform future obligations under such agreements;

(viii)   is reasonably likely (based on availability of financing, regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid (as defined below), within a timeframe acceptable to Debtor; and

(ix)     is irrevocable until the earlier of: (a) sixty (60) days after the Court authorizes and approves the Successful Bid, and (b) the closing date of the transaction with the Successful Bidder or Alternate Bidder (as defined below).

A Potential Bidder that makes a Qualified Bid is a "Qualified Bidder."  Debtor, in its reasonable business judgment, shall determine whether the Bid of a Potential Bidder meets the foregoing requirements to become a Qualified Bid.

## Credit Bid

Final DIP Lenders, either together or individually, shall have the right to credit bid all or a portion of the DIP Loan Amount, should Final DIP Lenders submit a Qualified Bid.  Absent further order of the Court, or except as otherwise noted in this Order, no other prepetition secured creditor shall be entitled to submit a credit bid for some or all of the assets to be sold by the Debtor.  Nothing in this Order shall be deemed a waiver of the right of any party in interest to seek, for cause, entry of an order from the Court precluding one or more prepetition secured creditors from credit bidding at any such sale.

To the extent that Caterpillar Financial Service Corporation ("Caterpillar") holds an undisputed and liquidated prepetition secured claim, Caterpillar may submit a credit bid at the Auction in an amount not to exceed $1,643,608.74 for the "Caterpillar Collateral," as such collateral is identified in Caterpillar's Objection to Bidding ) Procedures, Docket No. 411.  To the extent that Komatsu Financial Limited Partnership ("Komatsu") holds an undisputed and liquidated prepetition secured claim, Komatsu may submit a credit bid at the Auction in an amount not to exceed $94,714.45 for the "Komatsu Collateral," as such collateral is identified in Komatsu's Objection to Bidding Procedures, Docket No. 412.

**Cash Portion of Credit Bid:**  To the extent the DIP Lenders submit a credit bid on assets subject to the lien or secured claim of: (i) any "Other Prepetition Liens" (as defined in paragraph N (4) of the Final DIP Financing Order [Docket No. 352 ]); or (ii) any "Other Allowed Prepetition Secured Claims" (as defined in the proposed Asset Purchase Agreement [Docket No 365]); then, unless the holder of such "Other Prepetition Lien" or "Other Allowed Prepetition Secured Claim" agrees to accept a different treatment of its lien and secured claim,  the "Cash Amount" of any such credit bid shall be in an amount sufficient to pay, in full, the valid, enforceable and unavoidable liens and secured claims of the holders of such "Other Prepetition Liens" or "Other Allowed Prepetition Secured Claims."

-4-

## No Qualified Bids

If Debtor does not receive any Qualified Bids, Debtor shall report the same to the Court and declare the Auction a "failed auction."  If Debtor does not receive any Qualified Bids, Debtor shall report the same to the Court and declare the Auction a "failed auction."

## Only One Qualified Bid

In the event that there is no Stalking Horse Bidder and Debtor receives only one Qualified Bid, Debtor will not hold the Auction and may instead seek approval of such Qualified Bid and the associated Purchase Agreement at the Sale Hearing.  However, in the event that only one Qualified Bid is received, Debtor may determine in its reasonable business judgment that such Qualified Bid is insufficient, and shall have the right to either postpone the Auction and Bid Deadline or declare the Auction a "failed auction."

## Auction

If at least one Qualified Bid other than the Stalking Horse Bidder's Qualified Bid is received, Debtor shall conduct the Auction on **February 2, 2017at 9:00 a.m. (MST)** at the offices of Snell & Wilmer L.L.P., 15 West South Temple, Suite 1200, Gateway Tower West, Salt Lake City, Utah 84101-1547, or such later time or other place as Debtor shall notify all Qualified Bidders.  Only Final DIP Lenders, Committee, and Qualified Bidders shall be permitted to attend the Auction.  Only Qualified Bidders (including each Final DIP Lender that is a Qualified Bidder) shall be eligible to participate in the Auction and only Qualified Bidders shall be entitled to make any subsequent Qualified Bids at the Auction.  Debtor shall not consider a particular Bid unless the bidding party has submitted a Qualified Bid and attends the Auction and the Qualified Bidder's representative at the Auction has authority to bind the Qualified Bidder.

Prior to the start of the Auction, Debtor, in consultation with its advisors, and the Committee, shall evaluate all Qualified Bids, as well as the Stalking Horse Bidder's Purchase Agreement, and shall determine which Qualified Bid constitutes the best offer for the Purchased Assets (the "Starting Auction Bid").  Debtor shall announce the Starting Auction Bid at the start of the Auction.

Debtor may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time allotted to make subsequent Qualified Bids) for conducting the Auction, provided that such rules are (i) not inconsistent with the Bankruptcy Code or any order of the Court, and (ii) disclosed to each Qualified Bidder at the Auction.

The minimum initial overbid and any subsequent overbids must be in increments of at least $100,000 in cash consideration (which amount Debtor may modify at the Auction in the exercise of its reasonable business judgment) until Debtor declares a Successful Bidder.  Any overbid made in response to the bid of the Stalking Horse Bidder must exceed the Stalking Horse Bidder's Bid not only by the above figure of $100,000, but also by the amount of any applicable Expense Reimbursement.

#41059422 v6
25245609.1

At the Auction, any Qualified Bidder wishing to purchase any of the Caterpillar Collateral or Komatsu Collateral shall designate, as part of their bid, the purchase price being offered for such collateral.

At the conclusion of the Auction, Debtor shall, in consultation with the Committee (i) review the Stalking Horse Bidder's Purchase Agreement or any Qualified Bid of the Stalking Horse Bidder, and shall review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the Sale Process, including those factors affecting the speed and certainty of consummation of the Qualified Bid and (ii) identify the best bid (the "Successful Bid") and the bidder making such Bid (the "Successful Bidder").  In determining Successful Bidder, Debtor shall consider the Expense Reimbursement (if applicable).

If Debtor receives at least one Qualified Bid in addition to the Stalking Horse Bidder's Qualified Bid, then, at the Sale Hearing, Debtor will seek approval of the Successful Bid, and, at Debtor's election, may also seek approval of the next best Qualified Bid (the "Alternate Bid" and, the bidder making such Alternate Bid, the "Alternate Bidder").  Debtor's presentation to the Court of the Successful Bid and, if applicable, the Alternate Bid will not constitute Debtor's acceptance of either of such Qualified Bids until such Qualified Bids are approved by the Court at the Sale Hearing.  Following approval of the Sale to Successful Bidder, if Successful Bidder fails to consummate the Sale for any reason, then the Alternate Bid will be deemed to be the Successful Bid and Debtor will be authorized, but not directed, to effect the Sale to the Alternate Bidder subject to the terms of the Alternate Bid of such Alternate Bidder without further order of the Court.  The Alternate Bid shall remain open until the earlier of (a) sixty (60) days following the entry of the Sale Order or (b) the consummation of the Sale to Successful Bidder.

On the third business day following the selection of Successful Bidder, Debtor will file with the Court a notice of the selection of Successful Bidder and the Alternate Bidder (the "Auction Notice"), copies of Successful Bidder's Purchase Agreement and the Alternate Bidder's Purchase Agreement, and affidavits of Debtor and Successful Bidder in support of the sale of the Purchased Assets to Successful Bidder.  Debtor will serve the Auction Notice upon the Notice Parties.

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waive any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Qualified Bidder's proposed purchase agreement.

## The Sale Hearing

A hearing approving the Sale is presently scheduled to take place on _____, 2017 at __:__ _.m. (MST) (the "Sale Hearing").  At the Sale Hearing, the Debtor shall seek entry of the order approving the Sale (the "Sale Order"), among other things, authorizing and approving the proposed transaction with Successful Bidder, as determined by Debtor and in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Successful Bid.  The Sale Order shall be in form and substance acceptable to Debtor and Successful Bidder.

-6-

All Required Deposits, but excluding the Required Deposits of Successful Bidder and Alternate Bidder (which, in the case of the Required Deposit of the Alternate Bidder, shall be returned within three (3) business days of the closing of the Sale to Successful Bidder), shall be returned to Qualified Bidders within five (5) business days after the date of the Auction.

## **Reservation of Rights**

Debtor reserves the right, in the exercise of his fiduciary obligations and in the exercise of its reasonable business judgment, to: (a) determine which Qualified Bid, if any, is the highest or otherwise best offer; (b) reject, at any time, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures or any other orders applicable to the Estate or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Estate; and (c) modify the Bidding Procedures, including, without limitation, by (1) extending any of the deadlines set forth above for the Bidding Process, (2) modifying bidding increments, (3) adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without prior notice, (4) withdrawing from the Auction the Purchased Assets at any time prior to or during the Auction, and/or (5) canceling the Auction, and rejecting all Qualified Bids if, in Debtor's business judgment, no such bid is for a fair and adequate price.

#41059422 v6
25245609.1

## Exhibit B

**Notice of Auction and Sale Hearing**

25245567.1

David Leta (1937)
Troy Aramburu (10444)
Jeff Tuttle (14500)
**SNELL & WILMER L.L.P.**
15 W South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: 801-257-1900
Facsimile: 801-257-1800
Email: dleta@swlaw.com
      taramburu@swlaw.com
      jtuttle@swlaw.com

Donald J. Detweiler, Esq. (admitted *pro hac vice*)
Francis J. Lawall, Esq. (admitted *pro hac vice*)
John H. Schanne, II (admitted *pro hac vice*)
**PEPPER HAMILTON LLP**
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 656-8865
E-mail: detweild@pepperlaw.com
      lawallf@pepperlaw.com
      schannej@pepperlaw.com

*Counsel for CS Mining, LLC*

---

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **CS MINING, LLC,**<br><br>     Debtor. | Bankruptcy Case No. 16-24818<br><br>(Chapter 11)<br><br>Judge William T. Thurman |

## NOTICE OF SALE OF ASSETS, AUCTION, AND SALE HEARING

PLEASE TAKE NOTICE OF THE FOLLOWING:

     1.     On _____, 2016, the United States Bankruptcy Court for the District of Utah (the "Court") entered an Order Granting Debtor's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estate's Assets, (B) Approving Expense Reimbursement, (C) Scheduling an Auction and Hearing to Consider the Proposed Sale and (D) Approving the Form and Manner of Notice Thereof (the "Bidding Procedures Order"), which, among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which all or substantially all of the assets (the "Purchased Assets") of CS Mining, LLC ("Debtor") are to be marketed and sold. All capitalized terms used but not defined herein shall have the meanings assigned to them in the Bidding Procedures Order. A copy of the Bidding Procedures Order – which itself attaches the Bidding Procedures – may be obtained free of charge (i) at the website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq"), the claims and noticing agent (the "Claims Agent") to Debtor, in this bankruptcy case (http://dm.epiq11.com/CSMINING or http://dm.epiq11.com/CSM) or (ii) by contacting the undersigned counsel to Debtor.

2.      All interested parties are invited to make offers to purchase all or some portion of the Purchased Assets, in accordance with the terms and conditions of the Bidding Procedures.

3.      Pursuant to the Bidding Procedures, in the event that Debtor receives more than one Qualified Bid (as defined in the Bidding Procedures) Debtor will conduct an auction for the Purchased Assets (the "Auction") on **February 2, 2017 at 9:00 a.m. (MST)** at the offices of Snell & Wilmer L.L.P., 15 West South Temple, Suite 1200, Gateway Tower West, Salt Lake City, Utah 84101-1547, or such later time or other place as Debtor shall notify all Qualified Bidders.

4.      Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order.  Any person wishing to participate in the Bidding Process must become a "Qualified Bidder."  The procedures for becoming a Qualified Bidder are contained in the Bidding Procedures.

5.      A Qualified Bidder desiring to make a bid must deliver written copies of its offer, via hand delivery or overnight mail, to (i) Debtor, CS Mining, LLC, PO Box 608, 1208 South 200 West, Milford, UT  84751 (Attn: David McMullin); (ii) co-counsel to Debtor, Pepper Hamilton, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19801 (Attn: Donald J. Detweiler, Esq.); (iii) co-counsel to Debtor, Snell & Wilmer L.L.P., 15 West South Temple, Suite 1200, Gateway Tower West, Salt Lake City, Utah 84101-1547 (Attn: David E. Leta, Esq.), and (iv) CRO of Debtor, c/o FTI Consulting, Inc., 1001 17th St #1100, Denver, CO 80202 (Attn: David Beckman) and (v) Committee, c/o its counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067 (Attn: Martin J. Brill, Esq.), so that the Bid is actually received by **4:00 p.m. (MST) on January 30, 2017** (the "Bid Deadline").  Debtor  may extend the Bid Deadline pursuant to the terms of the Bidding Procedures Order, but are not obligated to do so.

6.      A hearing at which Debtor will seek approval and authorization of the Sale to the Successful Bidder (the "Sale Hearing") is scheduled to be held on **_____, 2017 at _____ __.m. (MST),** unless otherwise continued by Debtor pursuant to terms of the Bidding Procedures Order, before the Honorable William T. Thurman, U.S. Bankruptcy Judge, at the United States Bankruptcy Court located at 350 South Main Street, Room 376, Salt Lake City, Utah 84101.

7.      Within five (5) business days after entry of the Bidding Procedures Order, Debtor shall file and serve upon counterparties to Debtor's executory contracts and unexpired leases (the "Counterparties") a notice informing Counterparties that the executory contracts and unexpired leases may be assumed and assigned, and setting forth what Debtor's records show to be the applicable cure amounts, if any (the "Cure Notice").  If any Counterparty wishes to assert an objection or other response to the Cure Notice, it must file and serve such objection or other response upon the parties listed in paragraph 8 so as to be actually received by _____, 2016 at 4:00 p.m. (MST) (the "Objection Deadline").

8.      Objections, if any, to the relief requested at the Sale Hearing, including without limitation objections relating to the assumption and assignment of executory contracts

and/or unexpired leases, must: (a) be in writing filed with the Court, (b) comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (c) be filed and served on the following parties by the Objection Deadline:  (i) co-counsel to Debtor, Pepper Hamilton, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19801 (Attn: Donald J. Detweiler, Esq.); (ii) co-counsel to Debtor, Snell & Wilmer L.L.P., 15 West South Temple, Suite 1200, Gateway Tower West, Salt Lake City, Utah 84101-1547 (Attn: David E. Leta, Esq.), (iii) Committee, c/o its counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067 (Attn: Martin J. Brill, Esq.), and (iv) the Office of the U.S. Trustee, Ken Garff Building, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 (Attn: Laurie A. Cayton, Esq.).

This Notice is qualified in its entirety by the Bidding Procedures Order.

Date: _____, 2016

Respectfully submitted,

**SNELL & WILMER L.L.P.**

_____

David E. Leta
Troy J. Aramburu
Jeff D. Tuttle

and

**PEPPER HAMILTON LLP**
Donald J. Detweiler
Francis J. Lawall
John H. Schanne, II
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709

*Counsel for CS Mining, LLC*

25245658.1

**<u>Exhibit C</u>**

**Cure Notice**

25245567.1

David Leta (1937)
Troy Aramburu (10444)
Jeff Tuttle (14500)
**SNELL & WILMER L.L.P.**
15 W South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: 801-257-1900
Facsimile: 801-257-1800
Email: dleta@swlaw.com
            taramburu@swlaw.com
            jtuttle@swlaw.com

Donald J. Detweiler, Esq. (admitted *pro hac vice*)
Francis J. Lawall, Esq. (admitted *pro hac vice*)
John H. Schanne, II (admitted *pro hac vice*)
**PEPPER HAMILTON LLP**
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 656-8865
E-mail: detweild@pepperlaw.com
            lawallf@pepperlaw.com
            schannej@pepperlaw.com

*Counsel for CS Mining, LLC*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re **CS MINING, LLC,**<br><br>    Debtor. | Bankruptcy Case No. 16-24818<br><br>(Chapter 11)<br><br>Judge William T. Thurman |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR<u>'S ASSETS, AND THE PROPOSED CURE AMOUNTS</u>**

PLEASE TAKE NOTICE OF THE FOLLOWING:

            1.        On _____, 2016, the United States Bankruptcy Court for the District of Utah (the "<u>Court</u>") entered an Order Granting Debtor's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estate's Assets, (B) Approving Expense Reimbursement, (C) Scheduling an Auction and Hearing to Consider the Proposed Sale and (D) Approving the Form and Manner of Notice Thereof (the "<u>Bidding Procedures Order</u>"), which, among other things, establishes bidding procedures (the "<u>Bidding Procedures</u>") that govern the manner in which all or substantially all of the assets (the "<u>Purchased Assets</u>") of CS Mining, LLC ("<u>Debtor</u>") are to be marketed and sold. All capitalized terms used but not defined herein shall have the meanings assigned to them in the Bidding Procedures Order.  A copy of the Bidding Procedures Order – which itself attaches the Bidding Procedures – is being served on you concurrently with this Notice.

2.      In accordance with the Bidding Procedures, Debtor hereby files this Notice (this "Cure Notice") identifying: (1) those executory contracts and unexpired leases that may be assumed and assigned to a potential purchaser in connection with the sale of the Purchased Assets (the "Executory Contracts and Unexpired Leases"); and (ii) the proposed cure amount (the "Cure Amount") associated with each Executory Contract and Unexpired Lease.

3.      A list of the Executory Contracts and Unexpired Leases, together with the Cure Amount for each, is attached to this Cure Notice as Exhibit 1. Debtor's records show that other than the Cure Amount, no other defaults exist under the Executory Contracts and Unexpired Leases.

4.      You have been identified as possibly being a party to an Executory Contract or Unexpired Lease.

5.      **If you wish to assert an objection to the proposed Cure Amount associated with the particular Executory Contract or Unexpired Lease to which you are a party, you must do so in accordance with the instructions in this Cure Notice and must assert such objection so as to be filed and served so as to be actually received by the parties listed in paragraph 6 below by _____, 2016 at 4:00 p.m. (MST) (the "Objection Deadline").**

6.      In order to be considered, an objection (if any) must: (a) be in writing filed with the Court, (b) comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Court and (c) be filed and served on the following parties by the Objection Deadline: (i) co-counsel to Debtor, Pepper Hamilton, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19801 (Attn: Donald J. Detweiler, Esq.); (ii) co-counsel to Debtor, Snell & Wilmer L.L.P., 15 West South Temple, Suite 1200, Gateway Tower West, Salt Lake City, Utah 84101-1547 (Attn: David E. Leta, Esq.), (iii) Committee, c/o its counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067 (Attn: Martin J. Brill, Esq.), and (iv) the Office of the U.S. Trustee, Ken Garff Building, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 (Attn: Laurie A. Cayton, Esq.).

7.      Timely objections to Debtor's proposed Cure Amounts, if any, will be heard at the Sale Hearing, which is scheduled to be held on_____, 2017 at __:_0_.m. **(MST),** before the Honorable William T. Thurman, U.S. Bankruptcy Judge, at the United States Bankruptcy Court located at 350 South Main Street, Room 376, Salt Lake City, Utah 84101.

8.      **If you do not file and serve a timely objection to a proposed Cure Amount listed on Exhibit 1 to this Cure Notice pursuant to the instructions set out in this Cure Notice, you shall be forever barred from objecting to such Cure Amount, and you shall be deemed to consent to such Cure Amount**.

9.      The presence of a contract or agreement on Exhibit 1 attached hereto does not constitute an admission that such contract or agreement is an executory contract, and does not constitute a representation that such contract or agreement will be assumed and assigned to

25245687.1

any Successful Bidder.  Debtor reserves all of its rights, claims, and causes of action with respect to the contract and agreements listed on <u>Exhibit 1</u> attached hereto.

          10.     This Cure Notice is qualified in its entirety by the Bidding Procedures Order.

Date: _____, 2016

          Respectfully submitted,

          **SNELL & WILMER L.L.P.**

          _____
          David E. Leta
          Troy J. Aramburu
          Jeff D. Tuttle

          and

          **PEPPER HAMILTON LLP**
          Donald J. Detweiler
          Francis J. Lawall
          John H. Schanne, II
          Hercules Plaza, Suite 5100
          1313 N. Market Street
          Wilmington, DE 19899-1709

          *Counsel for CS Mining, LLC*

Exhibit 1

| Counterparty | Description of contract | Cure Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |