Paul Bogdanich
Post Office Box 9305
Portland, Oregon  97207
Telephone:  (503) 226-3188



FILED *US Bankruptcy Court-UT
JAN 28 2019 PM 1:49

A named individual in the *Liquidation Trust's Second Omnibus Objection*

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

In re **CS MINING, LLC,**

Bankruptcy Case No. 16-24818

Debtor

(Chapter 11)

Judge William T. Thurman

## PAUL BOGDANICH'S OBJECTION TO THE LIQUIDATION TRUST'S SECOND OMNIBUS OBJECTION  (Docket # 1467)

Paul Bogdanich a named individual in the *Counsel for Liquidation Trust of CS Mining, LLC, Second Omnibus Objection To Claims That Have Been Settled During The Case* (Docket 1467) objects to his inclusion in the Trustee's Second Omnibus Objection and the *Declaration of Amanda Demby In Support Of Liquidation Trust's Second Omnibus Objection* (Docket # 1468) on the basis of material errors of fact.

### BACKGROUND:

1.      AJL corporation signed a minerals lease with Cortex Mining on the Jewel and Marguerite No. 15 patented mining claims in 1995.  Upon the death of my mother, the interest in the AJL lease was divided per capita between her four children:  Larry, Bogdanich, John Bogdanich, Paul Bogdanich and Gina Bogdanich-Reese.  We sent notification of the change in ownership to Utah Mining and or Western States Copper (the predecessors in interest to CS Mining) to divide the lease interest equally between the four children and pay us any amounts owed individually.



2.      The lease contains provisions for minimum monthly payments and royalty payments from production.  The minimum monthly payment for the lease is $1,000 per month or $250 a month to each of the children.

3.      At the time of the bankruptcy filing, CS was in arrears five months on the minimum monthly payments, $5,000 total or $1,250 per each of the children.

4.      In August 2017 docket 886 (*Schedules to the Asset Purchase Agreement between Tamra Mining and CS Mining*) listed the "cure" amounts for assets being purchased by Tamra.

5.      Schedule 2.1(d) of the *Schedules to The Asset Purchase Agreement* titled "Leased Patented Mining Claims" lists the Jewel and Marguerite #15 claims subject to the AJL lease under the heading "AJL (John Bogdanich)".

5.      Schedule 2.1(k) of the *Schedules to The Asset Purchase Agreement* titled "Assigned Contracts" lists "AJL" and "Bogdanich" separately.

6.      Schedule 7.5(L) of the *Schedules to The Asset Purchase Agreement* titled "Cure Amounts" lists a line item titled "Bogdanich" in the amount of $4,000 dollars.  This was the combined cure amount for the four Bogdanich children on the $5,000 in minimum monthly payments owed at the time of bankruptcy.  Schedule 7.5(L) also shows a cure amount of $128,592 for royalties owed on the lease under the name "AJL Corp".

7.      In September 2017, after Tamra mining won the auction, I received a check for $1,000, the cure amount owed each Bogdanich child individually on the original $1,250 for minimum monthly lease payments.  At the time of the distribution, the CS Mining trustees also sent a single check made out to "AJL" for the AJL royalty cure amount of $128,592 to my brother John Bogdanich.  My brother returned the check and asked that it be re-issued pro-rata between the four children.  Instead the payer reissued a single check in the name of "John Bogdanich" for the full $128,592.  The *Second Omnibus Objection* lists the check as number 1774.  My brother who received the single AJL check (# 1774) for $128,592 deposited the check and mailed each sibling their pro-rata share of $32,148.

## ARGUEMENT:

1.      The *Second Omnibus Objection* shows each Bogdanich child individually as being owed $1,250 and each Bogdanich child individually as having received $128,592. This is an error of fact as detailed above.

2.      The *Second Omnibus Objection* fails to show the $1,000 paid to each Bogdanich child as the cure amount for the $1,250 debt that was listed in the *Second Omnibus Objection*.  This is an error of fact.

3.      The *Second Omnibus Objection* fails to show the cure amount owed to AJL as the source of the single $128,592 payment.  This is an error of fact.

4.      The *Second Omnibus Objection* conflates and confuses the minimum lease payments owed to the Bogdanich children individually with royalty obligations also owed the Bogdanich children individually but listed as owed to AJL and paid to AJL and then John Bogdanich.  These are errors of fact.

5.      Each cure obligation of the Debtor as listed in the *Schedules to the Asset Purchase Agreement between Tamra Mining and CS Mining* (docket # 886) was paid once and only once and in the amount specified in the *Schedules to the Asset Purchase Agreement.*

## CONCLUSION:

WHEREFORE, Paul Bogdanich objects to the *Trustee's Second Omnibus Objection* and respectfully requests that the court find my inclusion thereto as errors on the part of the Counsel, Trustee (Docket # 1468) and Managing Director (Docket # 1467) and that I be removed from the *Second Omnibus Objection* and that Paul Bogdanich reserves all of his rights with respect to the underlying minerals lease, and these proceedings.

I hereby affirm that the foregoing statements are true and correct to the best of my knowledge and include all material information necessary to identify and explain my Objection to the *Trustee's Second Omnibus Objection.*

Paul Bogdanich
A named individual in the
*Liquidation Trust's Second Omnibus Objection*

## CERTIFICAT OF SERVICE:

The undersigned herby certifies that on or about January 24, 2019, Paul Bogdanich's Objection to the *Liquidation Trust's Second Omnibus Objection* was mailed to the United States Bankruptcy Court, District of Utah, causing such Objection to be filed with the court.

In addition the undersigned also gave notice by email on the date of the mailing of this Objection to:

mjb@lnbyb.com
pag@lnbyb.com
bry@lnbyb.com
kjm@lnbyb.com

Paul Bogdanich

State of OREGON County of Multnomah.  Paul Bogdanich's Objection to the *Liquidation Trust's Second Omnibus Objection* was signed and affirmed before me on January 23, 2019 by Paul Bogdanich.

Notary Public - State of Oregon

**Official Stamp**



OFFICIAL STAMP
SARA JEAN WHITE
NOTARY PUBLIC - OREGON
COMMISSION NO. 977576
MY COMMISSION EXPIRES AUGUST 06, 2022

This certificate is attached to page 4 (Four) of  Paul Bogdanich's Objection to the *Liquidation Trust's Second Omnibus Objection*, dated January 25, 2019, consisting of 4 (Four) pages.